|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Criminal Action No. 10-015 (RMC)** |
| | ) | |
| **DAVON PEYTON,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OPINION

For the policy reasons articulated by the D.C. Circuit in *United States v. Johnson*, 28 F.3d 151 (D.C. Cir. 1994), this Court granted the Government's motion to treat Defendant Davon Peyton's juvenile adjudication for distribution of cocaine as a prior conviction for a felony drug offense for purposes of triggering the 240 month minimum mandatory sentencing enhancement pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851. Upon further reflection and study of the Circuit's decision, the Court determines that it erred. The Court writes this memorandum to explain its reasoning.

### I. FACTS

On July 14, 2009, officers of the Metropolitan Police Department (MPD) responded to 401 K Street N.W., Apt. # 620, in Washington D.C., to investigate a drug complaint. The officers were aware that Defendant Davon Peyton resided at the apartment with his grandmother, who was the lessee. The officers received permission from Mr. Peyton's grandmother to search the living

room area where his belongings were located to determine whether any narcotics were present.[1] The officers recovered a shoe box that contained approximately 70 grams of cocaine base, also known as crack, and approximately 25 grams of marijuana. Also found inside the box was over $4,000 in U.S. currency and a cellular telephone which belonged to Mr. Peyton.

On January 20, 2010, Mr. Peyton was arrested inside his grandmother's apartment pursuant to an arrest warrant, issued after he had been indicted for unlawful possession with intent to distribute 50 grams or more of cocaine base and unlawful possession with intent to distribute cannabis. The arresting officers recovered a 9-mm semi-automatic pistol, a plate containing a razorblade and approximately 1.5 grams of crack cocaine, a clear plastic bag containing 100 empty small ziplock bags, and approximately two grams of marijuana from inside a kitchen cabinet.

On January 26, 2010, Mr. Peyton was charged in a five-count superseding indictment, adding unlawful possession with intent to distribute crack and marijuana and possessing a firearm during a drug-trafficking offense, all related to the January 20, 2010 search.

Previously, however, on June 4, 2008, Mr. Peyton was adjudicated guilty of the felony offense of unlawful distribution of cocaine in the Superior Court of the District of Columbia, Family Division, Case No. 2008-DEL-1339. He was committed to the District of Columbia Department of Youth and Rehabilitative Services. The record does not reveal whether Mr. Peyton spent time in a halfway house, a correctional facility, or elsewhere.

On May 12, 2010, the Government, pursuant to 21 U.S.C. § 851, filed an Information

---

[1] Mr. Peyton was not present, having been arrested and detained approximately two days earlier in connection with an unrelated offense. Under the circumstances, his permission for the search was neither sought nor necessary. *United States v. Wilson*, No. 06-3128, 2010 U.S. App. LEXIS 10558, at *94-95 (D.C. Cir. May 25, 2010).

as to Prior Conviction, informing the Court and Defendant that it intended to rely upon Mr. Peyton's prior juvenile conviction to subject him to the enhanced penalty provisions of 21 U.S.C. § 841(b)(1)(A). That statute provides in relevant part, "If any person commits [a violation of this section] after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment . . . ." 21 U.S.C. § 841(b)(1)(A).

Mr. Peyton is now nineteen years old.

## II. ANALYSIS

The parties dispute whether Mr. Peyton's juvenile "adjudication" by a judge without a jury can serve as a prior "conviction" for purposes of § 841(b)(1)(A). Mr. Peyton argues that all but one of the cases relied upon by the Government concern the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), which specifically permits the use of juvenile adjudications, while §§ 841(b)(1)(A) and 851 do not. *See* 18 U.S.C. § 924(e)(2)(C) ("the term 'conviction' includes a finding that a person has committed an act of juvenile delinquency . . ."). He contends that reliance on cases addressing application of prior juvenile delinquency matters for enhancement to a mandatory minimum under the ACCA is seriously flawed. *See United States v. Huggins*, 467 F.3d 359, 361 (3d Cir. 2006) ("we see no reason to write [a juvenile delinquency exception] to [the § 841(b)(1)] provision where Congress has not seen fit to do so"); *see also United States v. Ivory*, 2010 U.S. Dist. LEXIS 54057, at *11-17 n.3 (D. Kan. Feb. 26, 2010) ("Because Congress did not explicitly include adjudications of juvenile delinquency in the definition of felony drug offense convictions under the Controlled Substances Act, the Court likely would decline to read such adjudications into the statutory definition."); *but cf. United States v. Deandrade*, 633 F. Supp. 2d 1

(S.D.N.Y. 2008) (finding that juvenile adjudications may be used to enhance a mandatory minimum under § 841(b)(1)(A) by reference to ACCA caselaw).

The Court is guided by the analysis of the D.C. Circuit in *United States v. Johnson*, 28 F.3d 151 (D.C. Cir.1994). The question in *Johnson* was the propriety of the Sentencing Commission's direction at United States Sentencing Guidelines § 4A1.2(d) that points should be assessed for a defendant's juvenile record when calculating his criminal history category. *Id.* at 153. Mr. Johnson not insensibly asked "how 'criminal history' under [28 U.S.C.] § 994(d)(10) can include his juvenile offenses when D.C. Code Ann. § 16-2318 states that a juvenile adjudication 'is not a conviction of a crime.'" *Id.* at 154. In response, the Circuit drew a clear line between a juvenile adjudication not followed by further criminal misconduct and recidivism:

> As we said in [*United States v.*] *McDonald*, "setting aside a conviction may allow a youth who has slipped to regain his footing by relieving him of the social and economic disabilities associated with a criminal record . . . . But if a juvenile offender turns into a recidivist, the case for conferring the benefit dissipates . . . . Society's stronger interest is in punishing appropriately an unrepentant criminal." 991 F.2d [866,] 872 [(D.C. Cir. 1993)]. Under the D.C. Code, therefore, a court may take into account the defendant's juvenile record in determining his sentence for crimes he committed as an adult . . . . *A defendant with a juvenile record may not have been "convicted," but the defendant nevertheless "violated a provision of the criminal law,"* Matter of W.A.F., 573 A.2d 1264, 1267 (D.C. 1990).
>  . . . .
>
> . . . . When yesterday's juvenile delinquent becomes today's adult criminal the reasons behind society's earlier forbearance disappear. The question before the sentencing court is what punishment to mete out to an adult criminal, not how to treat and rehabilitate a youthful offender.

*Id.* at 154, 155 (emphasis added).

This Court initially interpreted the policy behind *Johnson* to direct the use of a

defendant's juvenile record for all sentencing decisions. However, the Circuit's recognition that a juvenile "may not have been 'convicted,'" *id.*, cannot be squared with the requirement of § 841(b)(1)(A) that "a prior conviction for a felony drug offense has become final" for the enhancement to be operative. Mr. Peyton's prior juvenile adjudication will be recognized at sentencing, should he be convicted or enter a plea in the instant matter, but without a "conviction" arising from his juvenile crime, he is not exposed to the particular enhancement sought by the Government under § 841(b)(1)(A) .

### III. CONCLUSION

For the reasons stated above, the Government's Motion to Treat Defendant's Juvenile Adjudication as a Prior Conviction for a Felony Drug Offense Pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851 [Dkt. #16] will be denied. A memorializing Order accompanies this Memorandum Opinion.


Date: June 10, 2010                                 /s/
                                    ROSEMARY M. COLLYER
                                    United States District Judge